M'Gee
*v.*
Barber.

---

## GEORGE DICKINSON *versus* RICHARDSON HALL.

Where the purchaser of a patent right gave therefor his promissory note, and the patent proved to be void, the note was held to be entirely without consideration, not withstanding the vendor covenanted that he had good right to sell and convey the patented privileges, and that he would warrant the same against the claims of all persons.

A promissory note given for a void patent right, is without consideration, notwithstanding the vendor believed at the time of the sale, that the patent was valid.

To warrant a patent, the invention must be useful, that is, capable of some beneficial use. in contradistinction to pernicious, or frivolous, or worthless.

ASSUMPSIT on a promissory note, dated January 8, 1830, for $137·50, by the payee against the maker. Trial before *Shaw* C. J.

The defence was, that the note was given in consideration of a limited right to the use of a patent machine for breaking and dressing hemp ; that the patent was void ; that if good, the plaintiff had no valid title to assign the right ; and therefore that the note was given without consideration.

The jury were instructed, that if the patent was void, there was no consideration for the note ; and that if the invention patented was not a new and useful invention, the patent was void.

The plaintiff executed a deed on January 8, 1830, by which he bargains, sells and conveys to the defendant and others, six eighth parts of the exclusive right to use, make and construct, and of vending the exclusive right to use, make and construct, in the towns of Deerfield, Greenfield, &c., an apparatus or machine invented by Joseph Hines and William Baine, entitled in their letters patent, a new and useful improvement in the machine for dressing hemp and flax, rotted or unrotted ; and the plaintiff covenants as follows, to wit, that

"I have good right and lawful authority to bargain, sell and convey the said patented privileges in manner aforesaid, and further to warrant and defend the same against all and every person or persons lawfully claiming the same, for and during the term of the said patent.

It was contended, on behalf of the plaintiff, that as he had assigned to the defendant the limited right in question, with a covenant that he, the defendant, and his co-assignees, should have the exclusive use of the invention during the period limited by the patent, in the nature of a covenant of warranty, this covenant was a good consideration for the note, whether the patent was or was not valid. But the jury were instructed, that if the patent was void, the note was without consideration; and that such a covenant was not of itself a sufficient consideration.

It was also contended, that if the plaintiff purchased the right for a valuable consideration and sold it to the defendant, without any knowledge of its worthlessness, prior to the sale, the defence would be unavailable; so if the true value of the patent was not fully decided prior to the sale. But it was ruled otherwise upon both points. The jury were instructed, that if the patent was void from the beginning, whether the plaintiff knew it or not, or believed it or not, the note given for it was without consideration. It might have been otherwise had fraud or misrepresentation been imputed to the plaintiff; which was not done.

It was insisted for the plaintiff, that in deciding the question of usefulness, the jury were not to find for the defendant merely because the machine, when put in use, would not yield any pecuniary profit; but if it should accomplish the design of the patent, — as, for example, if it should dress hemp under some circumstances, for which the ordinary mode of dressing would not answer, although it might not be profitable to construct a machine for the purpose, yet it would be a useful machine.

The defendant contended, and moved the court to instruc the jury, that if the machine was not useful, the patent was void; and that in order to usefulness, the pretended invention must be capable of beneficial use; that if in this case it must be an unprofitable investment for any one to erect such a ma-

chine for the purposes stated in the specification, the patent was void.

In reference to both of these claims the jury were instructed, that to warrant a patent, the invention must be useful; that the general application of the term *useful*, is, *capable of any beneficial use*, in contradistinction to *pernicious* or *injurious*; that in the statute respecting patents the meaning may be a little more restricted, and that if an invention be utterly frivolous or worthless, it is not within the meaning of the law " useful." But if, under any circumstances, the machine in question could be applied to any beneficial purpose, as for the purpose of preparing hemp for bale rope, or where water power is cheap and labor high, it might be deemed a useful invention.

The evidence was left to the jury upon the originality and utility of the invention.

The jury returned a verdict for the defendant, and upon being asked by the court, by the request of one party and the consent of the other, upon what point they found, they answered that they considered that the invention was not profitable, and if not profitable, that it could not be useful.

If the jury were misdirected in matter of law, a new trial was to be granted.

*Dewey*, for the plaintiff, cited in regard to the point, that the plaintiff's covenant was a good consideration for the note in suit, *Fowler* v. *Shearer*, 7 Mass. R. 19; *Phelps* v. *Decker*, 10 Mass. R. 279; *Moggridge* v. *Jones*, 14 East, 486; *Lloyd* v. *Jewell*, 1 Greenl. 352.

To the point, that if the plaintiff bought and sold the patent right without knowledge that it was worthless, he was entitled to recover, *Barnum* v. *Barnum*, 8 Connect. R. 469; *Welsh* v *Carter*, 1 Wendell, 185.

The jury proceeded on an erroneous view, in finding that the invention was not profitable. The plaintiff did not stipulate that pecuniary profit might be derived from it, but that it was useful, that is, that the machine accomplished the object ntended and that this object was not frivolous. *Kneass* v. *Schuylkill Bank*, 4 Wash. C. C. R. 12; *Lowell* v. *Lewis*, . Mason, 182; *Langdon* v. *De Groot*, 1 Paine, 203.

*Alvord*, for the defendant, cited to the point, that if the

Dickinson
v.
Hall.

patent was void, there was a total failure of the consideration for the note, notwithstanding the plaintiff's covenant, and the defendant was not obliged to resort to a cross action on the covenant, *Knapp* v. *Lee*, 3 Pick. 457 ; *Frisbee* v. *Hoffnagle*, 11 Johns. R. 50 ; *Weaver* v. *Bentley*, 1 Caines's R. 47 ; *M'Allister* v. *Reab*, 4 Wendell, 483 ; *Steinhauer* v. *Witman*, 1 Serg. & Rawle, 447 ; *Tillotson* v. *Grapes*, 4 N. Hamp. R. 448 ; *Gray* v. *Handkinson*, 1 Bay, 278 ; *Bell* v. *Huggins*, 1 Bay, 327 ; *Chandler* v. *Marsh*, 3 Vermont R. 162 ; *Greenleaf* v. *Cook*, 2 Wheat. 13.

There is however no covenant of the validity of the patent. *Frost* v. *Raymond*, 2 Caines's R. 197 ; Com. Dig. *Covenant*, *A*, 4 ; *Merrill* v. *Frame*, 4 Taunt. 329 ; *Bliss* v. *Negus*, 8 Mass. R. 46.

The instructions to the jury on the point, that in order to give validity to a patent the invention must be useful, were correct. *Lowell* v. *Lewis*, 1 Mason, 182 ; *Bedford* v. *Hunt*, 1 Mason, 302 ; *Earle* v. *Sawyer*, 4 Mason, 6 ; *Langdon* v. *De Groot*, 1 Paine, 203 ; Davies on Patents, 279.

*Sept. 26th.*

*The Court* were of opinion, that the patent right being void, there was a total want of consideration for the defendant's promissory note, unless the plaintiff's alleged covenant of title in the patent right constituted a consideration ; that such a covenant would not constitute a valid consideration, for the object of the defendant in making this contract was to obtain, not a mere covenant, but the conveyance of a patent right ; that although the plaintiff might have purchased and sold the supposed patent right thinking it to be valuable property, still he could not recover in this action, for the defence did not rest on the ground of fraud, but on the ground that the defendant had received no value and his promise was *nudum pactum* ; that an invention, in order to be the subject of a patent, must be useful for some beneficial purpose, and the verdict turned on that question ; that the instructions to the jury on this point were correct and sufficiently favorable to the plaintiff ; and that the finding of the jury, that the invention was not profitable and therefore not useful, must be taken in connection with the points made by the counsel at the trial, and the instructions of the judge. and without doing violence to the language of the

jury, they might well be considered as using the term *profitable* not in reference to pecuniary profit merely, but in a broader sense, meaning that no person could make use of the machine in question advantageously.

*Judgment according to verdict*